## Ex Parte Lippit.

Solicitud para que se expida mandamiento de *Certiorari*

No. 24.—Resuelto en marzo 13, 1907.

Reclamación y Entrega de Bienes Muebles.—El demandante que deseare obtener la entrega de bienes muebles, debe presentar una declaración escrita y jurada, expresando en ella todos los particulares á que se refiere el artículo 171 del Código de Enjuiciamiento Civil, uno de los cuales es el verdadero valor de los bienes que reclama, y deberá otorgar una fianza á favor del demandante, suscrita por dos ó más fiadores de suficiente responsabilidad, y por doble cantidad de la consignada como valor de dichos bienes.

ID.—CERTIORARI—BIENES RECLAMADOS POR UN TERCERO—RECURSO ORDINARIO, RÁPIDO Y EFICAZ.—En el presente caso no se ha presentado la declaración escrita y jurada á que se refiere el artículo 171 del Código de Enjuiciamiento Civil, ni aparece el fundamento que tuviera la corte inferior para fijar la cantidad de la fianza que debía otorgar el demandante, y como el peticionario no es parte en el pleito y ha sido privado de sus bienes por un procedimiento ilegal y no tiene otro recurso que el que le otorga el artículo 180 del mismo Código, como éste no es adecuado para corregir las irregularidades del procedimiento y obtener su nulidad, ni es eficaz en este caso, pues puede ser contrarrestado por el demandante, ejercitando el derecho concedido en dicho artículo, el mandamiento de *certiorari* es procedente, y ordena se devuelvan los bienes ilegalmente ocupados al peticionario.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Coll Cuchí.*

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

Don Víctor Millín Taforó presentó escrito de demanda ante la Corte Municipal de San Juan contra Guillermo Andrés, reclamando un caballo de su propiedad, que afirmaba se encontraba en poder del demandado, y además, la cantidad de sesenta dollars en concepto de daños y perjuicios por su retención; solicitó también de la misma corte municipal, por virtud de una declaración escrita y jurada, hecha de acuerdo con el artículo 171 del Código de Enjuiciamiento Civil, que se le entregase el caballo en cuestión, en calidad de depósito, previa la aprobación de la oportuna fianza; dicha corte municipal accedió á lo solicitado, y el demandante prestó fianza por la suma de ciento sesenta dollars, pero de los autos originales no aparece que tal depósito llegara á verificarse, quedando incumplida la orden de la corte municipal, con referencia al mismo. Celebrado el juicio ante la corte municipal, dictó ésta sentencia el día 3 de noviembre último, declarando sin lugar la demanda, y apelada esa sentencia para ante la Corte de Distrito del Distrito Judicial de San Juan, se elevaron á dicha corte las actuaciones originales. Con fecha 7 de diciembre de 1906, el abogado del demandante presentó un escrito á la Corte de Distrito de San Juan, manifestando que por haber fallecido el demandado y hacerse necesario citar para juicio á

la sucesión del mismo, cuya residencia se ignoraba, la tramita-
ción de la referida apelación ante dicha corte había de ser
dilatada, y que como el Dr. Lippit, en cuyo poder se encon-
traba el caballo objeto del pleito, venía dándole trabajo diaria-
mente, al extremo de haber perdido mucho en su valor, á fin
de que no continuara ese estado de cosas, suplicaba á la corte
se sirviera disponer que el caballo mencionado le fuera entre-
gado al peticionario en calidad de depósito, á reserva de lo que
resolviera la corte después del juicio, ordenando que, al
efecto, se expidiera mandamiento al marshal para que proce-
diera á tomar posesión del mismo, solicitándolo del Dr. Lip-
pit, para entregarlo, en tal concepto, al demandante.  La corte
accedió al depósito por el marshal del caballo reclamado, pre-
via fianza de treinta dollars; prestada ésta, y aprobada que
fué por el juez de dicha corte, se libró el oportuno manda-
miento al marshal para el cumplimiento de lo dispuesto, eje-
cutándose el mismo con fecha de 18 de diciembre de 1906, en
que fué recogido dicho caballo por el marshal de poder del
Dr. Lippit, y entregado al demandante en calidad de depó-
sito.  En el mismo día 18 de diciembre de 1906, el abogado
Sr. Coll y Cuchí, en representación del Dr. W. F. Lippit,
compareció ante la Corte de Distrito de San Juan, y presentó
ante ella una moción, suplicando se dejara sin efecto la
orden de la misma corte que acordó el depósito del caballo,
mandando devolverlo al compareciente, alegando para ello
que dicho Sr. Lippit no es parte en dicho juicio, ni tenía
noticia del procedimiento, en virtud del cual dicha orden se
dictó, y que la petición, solicitando el depósito no fué noti-
ficada á parte alguna, ni se hizo tampoco con arreglo á de-
recho.  La Corte de Distrito de San Juan, después de
argumentada por las partes la moción, dictó orden soste-
niendo su primitiva resolución sobre depósito del caballo en
poder del demandante, con la misma fianza que había pres-
tado á favor de los demandados.

En 26 de diciembre de 1906 el abogado Sr. Coll y Cuchí,
en representación del Dr. Lippit, presentó escrito á este tri-

bunal en solicitud de un auto de *certiorari* á fin de que se ordenara á la Corte de Distrito de San Juan que elevara las diligencias originales referentes al caso pendiente ante la misma, entre Víctor Millín Taforó y Guillermo Andrés, para que, revisando este tribunal los procedimientos seguidos en dicho caso con respecto al depósito del caballo en cuestión, acordara lo que fuera procedente con arreglo á derecho. Expedido el mandamiento y recibidos los autos, se celebró la vista ante este tribunal, sin asistencia de las partes.

Es indudable que el procedimiento seguido ante la Corte de Distrito de San Juan por la representación del demandante, para obtener la entrega del caballo, objeto del pleito, en calidad de depósito, no se ha ajustado en lo más mínimo á lo que determinan los artículos 171 y siguientes del Código de Enjuiciamiento Civil, que tratan de la reclamación de bienes muebles en litigio; según dichos artículos, el demandante que deseare obtener la entrega de esos bienes, ó alguna persona en su nombre, deberá presentar una declaración escrita y jurada, expresando en ella todos los particulares que dichos artículos prescriben, uno de los cuales es el verdadero valor de los bienes, debiendo otorgarse una fianza escrita por dos ó más fiadores de suficiente responsabilidad, comprometiéndose á favor del demandado en doble cantidad de la consignada como valor de los bienes en la mencionada declaración. Tal declaración escrita y jurada no se ha presentado por el demandante, ni por ninguna otra persona, ni aparece tampoco el fundamento que haya tenido la corte de distrito para señalar la cantidad de 30 dollars como fianza que había de prestar el demandante á favor del demandado, fijando así, en 15 dollars el valor del referido caballo.

El peticionario en este caso ha sido, por consiguiente, privado de la posesión y disfrute del caballo por un procedimiento ilegal y para reclamar contra él no tiene otro recurso ordinario, que siendo adecuado y eficaz, pueda, subsanando los errores cometidos, volver aquél á su posesión, pues aunque es cierto que el artículo 180 del Código de Enjuiciamiento Civil

le otorga dentro del mismo procedimiento el recurso de presentar la declaración escrita y jurada con los requisitos que el mismo artículo establece para obtener la suspensión del depósito, entendemos que ese recurso ni es adecuado para corregir las irregularidades cometidas en el procedimiento y obtener su nulidad que es la finalidad del *certiorari,* ni es tampoco eficaz para este efecto, toda vez que puede ser contrarrestado por el demandante, ejercitando éste á su vez el derecho que el mismo artículo le concede de prestar al marshal, ejecutor de la orden de depósito, una garantía contra la reclamación del tercero, constituyendo una fianza por dos fiadores de suficiente responsabilidad.

Por las precedentes consideraciones, somos de opinión que no habiéndose cumplido con los requisitos legales, procede declarar nulo todo lo actuado ante la Corte de Distrito de San Juan en el procedimiento seguido por el demandante Víctor Millín Taforó para obtener la entrega del caballo de referencia, y en su consecuencia, ordenar se devuelva éste al Dr. W. F. Lippit, en cuyo poder se encontraba cuando fué ocupado, con las costas de las actuaciones declaradas nulas á cargo del demandante.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.